# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LESLIE P. PAL,
    Plaintiff

    vs.

FEDERAL BUREAU
OF INVESTIGATION,
    Defendant

Case No. 1:13-cv-615

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

On September 29, 2013, the Court dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 6). This matter is before the Court on plaintiff's motion to reopen case (Doc. 9), which the Court construes as a Fed. R. Civ. P. 60(b) motion for relief from judgment. *See Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 995-96 (6th Cir. 1987) ("This unconditional dismissal with prejudice terminated the district court's 'jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)' of the Federal Rules of Civil Procedure.") (citation omitted).

Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

The undersigned has carefully reviewed plaintiff's motion and concludes that relief from judgment is not warranted because plaintiff's motion is without merit. Plaintiff does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or misconduct. She does not allege that the judgment is void or that it has been satisfied, released, discharged, based on a judgment that has been reversed or vacated, or that its prospective application would be inequitable. Nor does plaintiff meet the high standard for relief under the remaining subsection of Rule 60(b), "any other reason that justifies relief," which should be applied "only in 'unusual and extreme circumstances where principles of equity mandate relief.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)(emphasis in original) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 2000)). Plaintiff does not challenge the Court's decision to dismiss her case for failure to state a claim upon which relief can be granted. Rather, her motion simply recites her many health problems and reiterates some of the same delusional and incomprehensible allegations raised in the complaint, none of which suggests that relief from judgment is warranted. Accordingly, plaintiff's motion to reopen (Doc. 9) should be **DENIED.**

**IT IS SO RECOMMENDED.**

Date: 2/25/14

Karen L. Litkovitz, Magistrate Judge
United States District Court

2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LESLIE P. PAL,
     Plaintiff

     vs.

FEDERAL BUREAU
OF INVESTIGATION,
     Defendant

Case No. 1:13-cv-615

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leslie P. Pal
4707 Winona Terrace
Cinti, OH 45227

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0000 8389 9845

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540